**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

WILLIAM EARL BRIDGES                                                                                    PLAINTIFF
ADC #071867

V.                                          NO: 5:13CV00366 BSM/HDY

CORIZON INC. *et al.*                                                                                   DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

1

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff William Earl Bridges, an Arkansas Department of Correction ("ADC") inmate, filed a *pro se* complaint (docket entry #2) on December 2, 2013, alleging that he has been denied adequate medical care. On November 7, 2014, Defendants Marie Austin, Estella Bland, Corizon Inc., Annette Esaw, Renee Fallhowe, Robert Floss, and Williams Warren ("Medical Defendants"), filed a motion for summary judgment, a statement of facts, and a brief in support (docket entries #82-#84). That same day, Defendants Rory Griffin and Wendy Kelley ("ADC Defendants") filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #85-#87). Plaintiff has filed a declaration opposing the Defendants' motions, along with a brief in support and a statement of facts (docket entries #94-#96). On December 22, 2014, the Medical Defendants filed a reply (docket entry #97), and Plaintiff responded to that reply on January 5, 2015 (docket entry #98).

### **I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

Although Plaintiff's complaint mentioned various medical conditions, he testified at his deposition that this case is about his hepatitis C and cirrhosis of the liver (docket entry #83-4, pages #36 & #37).

<u>Medical Defendants</u>

The Medical Defendants argue they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies with respect to his claims against them, and because Plaintiff received appropriate medical care.

The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*,

532 U.S. 731, 733-34 (2001).  The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Plaintiff reported that he filed two grievances against Floss: CU-13-2835 and CU-13-2914 (docket entry #52, page #17).[1]  Grievance CU-13-2835 concerns medical records prior to 2009, was not fully exhausted until after this lawsuit was filed, and does not identify Floss.  CU-13-2914 was not fully appealed and exhausted.  Plaintiff therefore failed to exhaust his claims against Floss.  Plaintiff reported that he filed grievance CU-13-1590 against Fallhowe (docket entry #52, page #11).  However, that grievance relates to medical cream, which is not the subject of this lawsuit, and Plaintiff's claims against Fallhowe should be dismissed.  Plaintiff conceded that he filed no grievances against Austin (docket entry #83-4, page #86).  Plaintiff testified that he filed only grievance CU-13-2835 against Esaw (docket entry #84-3, pages #82 & #83).  However, that grievance related to medical records prior to 2009, was not exhausted until after this lawsuit was filed, and did not name Esaw.  Esaw is therefore entitled to dismissal of Plaintiff's claims against her.

Plaintiff testified that he filed five grievances against Bland, CU-13-1590, CU-13-1887, CU-13-2395, CU-13-2422, and CU-13-2914 (docket entry #84-3, page #84).  Grievances CU-13-2422 and CU-13-2914 were not fully appealed and exhausted.  Grievance CU-13-1590 concerned a prescription for a medical cream and CU-13-2395 concerns a heart issue.  Grievance CU-13-1887 targets Ms. Griswald and does not attribute wrongdoing to Bland.  Bland is therefore entitled to

---

[1]The Medical Defendants provided copies of Plaintiff's relevant grievances (docket entry #83-3).

summary judgment. Plaintiff testified that he filed grievance CU-13-1013 and CU-13-1590 against Warren (docket entry #84-3, pages #86 & #88). However, CU-13-1013 was not fully exhausted and CU-13-1590 concerned a medical cream. Plaintiff therefore failed to exhaust his administrative remedies against Warren.

Finally, Plaintiff testified that he filed nine grievances against Corizon: CU-13-1590, CU-13-1887, CU-13-2060, CU-13-2276, CU-13-2395, CU-13-2422, CU-13-2835, CU-13-2914, and CU-13-3102 (docket entry #52, page #6; docket entry #83-4, page #89). Grievance CU-13-1590 concerned a medical cream prescription. Grievances CU-13-2060, CU-13-2276, CU-13-2422, CU-13-2914, and CU-13-3102, were not fully exhausted. Grievance CU-13-2395 concerns a heart issue, and grievance CU-13-2835 concerns review of Plaintiff's medical records prior to 2009. CU-13-1887 mentions Corizon, but challenges no specific Corizon policy, and targets Ms. Griswold. Thus, Plaintiff failed to exhaust his administrative remedies with respect to his claims against Corizon.[2]

Plaintiff has offered no evidence to contradict the Medical Defendants' assertion that he failed to exhaust his administrative remedies against any of them before he filed this lawsuit. Because Plaintiff failed to exhaust his claims as to any Medical Defendant before he filed this lawsuit, the Medical Defendants' motion for summary judgment should be granted.

ADC Defendants

The ADC Defendants assert they are entitled to summary judgment because Plaintiff failed

---

[2] Even if grievance CU-13-1887 satisfied the exhaustion requirement, Corizon would still be entitled to summary judgment because Plaintiff is attempting to proceed against Corizon on a *respondeat superior* theory (docket entry #83-4, pages #71 & &72). *Respondeat superior* is not a basis of liability for § 1983 claims, and a corporation acting under color of state law will be held liable only for its own unconstitutional practices. *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-976 (8th Cir. 1993); *citing Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978).

to exhaust his administrative remedies with respect to his claims against them, and because they are entitled to sovereign and qualified immunity. Specifically, they argue that Plaintiff failed to name them in grievances, and the grievances contained no allegations against them. In support of their claims that Plaintiff failed to exhaust his administrative remedies against them, the ADC Defendants cite Plaintiff's deposition testimony, where he admitted that he never filed a grievance against either ADC Defendant (docket entry #85-1, pages #14 & #15). Because Plaintiff failed to file any grievances against either ADC Defendant, they are entitled to summary judgment as well.

Because Defendants' motions for summary judgment should be granted, the Court should decline to exercise jurisdiction over any state law claim Plaintiff is attempting to bring. *See Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) (Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed). Additionally, in light of this recommendation, Plaintiff's motion for appointment of counsel, and his motion for a temporary restraining order (docket entries #101 & #104), should be denied.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motions for summary judgment (docket entries #82 & #85) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2. Plaintiff's motion for appointment of counsel, and his motion for a temporary restraining order (docket entries #101 & #104) be DENIED.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __13__ day of March, 2015.

                                                        _____
                                                        UNITED STATES MAGISTRATE JUDGE